IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS MOWER, et al.,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN D. NEARMAN, et al.,<br><br>Defendants. | **ORDER (1) DENYING DEFENDANTS' PETITION FOR REVERSAL OF ORDER DENYING MOTION TO DISQUALIFY JUDGE AND REOPEN CASE, (2) DENYING DEMAND FOR DUE PROCESS OF LAW AND CONSTITUTIONAL ENFORCEMENT, AND (3) OVERRULING OBJECTION**<br><br>Case No. 2:22-cv-00260<br><br>Chief Judge Robert J. Shelby |

On April 15, 2022, the undersigned was randomly assigned this removed action after another District Judge recused.[1]  Seeing the removing Defendants had filed a request for an injunction[2] after their Notice of Removal,[3] the undersigned promptly reviewed the case filings, concluded the Defendants had failed to establish requisite subject matter jurisdiction, and issued an Order[4] remanding the action to Utah's Fourth Judicial District Court.[5]

On April 21, 2022, Defendants filed a "Motion to Reopen Case, Grounds for Removal and Recusal/Disqualification of [Judge] [sic] Robert J. Shelby,"[6] in which they "demand that [this case] be REOPENED and REMOVED TO Federal Court and lawfully reviewed by an

---

[1] Dkt. 5, Order of Recusal.

[2] Dkt. 2.

[3] Dkt. 1.

[4] Dkt. 6.

[5] Dkt. 7, Notice of Transmittal.

[6] Dkt. 8.

unbiased Judge . . . ."[7]  The court on April 26, 2022 issued an Order denying that Motion, concluding "Defendants have not established that the undersigned is disqualified or that this court enjoys subject matter jurisdiction over the State Court case Defendants have attempted to remove, such that the case should be reopened."[8]

Now before the court are the following filings from Defendants:

1) Petition for Reversal of Order Denying Motion to Disqualify Judge and Reopen Case (Petition),[9]

2) Demand for Due Process of Law and Constitutional Enforcement (Demand),[10]

3) Objection to Orders Issued by [Judge] Referee Robert J. Shelby and [Judge] Referee Tena Campbell (Objection).[11]

Defendants in the Petition and Objection contend the undersigned: 1) is biased and should be "removed and disqualified from the case immediately,"[12] and 2) incorrectly concluded it lacked subject matter jurisdiction and remanded this action to Utah's Fourth Judicial District Court.  In the Demand, Defendants appear to ask that the court grant their previously-filed motion for injunctive relief.[13]  And in each of the three filings, Defendants give "Notice of all courts in regard to this matter" that the case has been "forwarded to the military" for investigation, and

---

[7] *Id.* at 1.

[8] Dkt. 9 at 8.

[9] Dkt. 11.

[10] Dkt. 12.

[11] Dkt. 13.

[12] Dkt. 11 at 6.

[13] Dkt. 12 at 5 (demanding that the undersigned grant the order for an EMERGENCY INJUNCTION and the order for PERMANENT INJUNCTIVE RELIEF. . . .").

request "Military intervention from the branch that is responsible for overseeing the District Courts."[14]

The court has evaluated the subject matter jurisdiction issue in two prior Orders.[15]  The Orders' factual background, reasoning, and conclusion that the court lacks subject matter jurisdiction over the removed action is unchanged by the new filings.  Defendants in the new filings again try to create federal question jurisdiction with reference to defenses and claims they wish to assert—not those pled in by the Plaintiffs in the underlying state-court Complaint.  These include arguments that the there is "good cause" for federal jurisdiction;[16] the property at issue in the state court action is subject to federal land patents;[17] that the court's jurisdiction is "invoked" pursuant to various U.S. Constitutional Amendments, treaties, and statutes,[18] and that Defendants do not "fall under the [j]urisdiction of the anti-constitutional State arbitrator [Judge] [sic] . . . ."[19]

The court also previously issued an Order[20] finding recusal or disqualification was unwarranted.  The background and reasoning in that Order is incorporated here, including the portions of the Order addressing the arguments Defendants restate in the new filings—that the undersigned reviewed this case and remanded it too quickly, and somehow colluded with counsel for the Plaintiffs.[21]  In addition to the previously-evaluated arguments, Defendants now contend the court intentionally failed to send them a Notice of ADR docketed in the case on April 14,

---

[14] Dkt. 11 at 7; *see also* Dkt. 12 at 5-6 ("Judicial Notice and Request for Military Intervention"); Dkt. 13 at 7 ("Judicial Notice and [R]equest for Military Intervention"). Defendants in the Objection also demand a refund of their filing fees.  Dkt. 13 at 7.

[15] Dkts. 6 and 9.

[16] Dkt. 11 at 4-5.

[17] *Id.* at 3.

[18] *Id.* at 2-3; Dkt. 13 at 3.

[19] Dkt. 11 at 3.

[20] Dkt. 9.

[21] Dkt. 11 at 5-6; Dkt. 13 at 4

2022, and that the undersigned directed or collaborated with fellow District Judge Tena Campbell, who dismissed another action Defendants had removed to this court.[22]  Defendants' new claims lacks any factual basis, and run afoul of the court's prior warning to Defendants that when they submit filings to the court, they are certifying to "the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ."[23]  Recusal remains unwarranted.

## CONCLUSION

Based upon the foregoing, Defendants have not established in the three recent filings that the undersigned is disqualified, that this court enjoys subject matter jurisdiction the action they attempted to remove.  Thus, the court denies Defendants' Petition,[24] overrules the Objection,[25] and remains without subject matter jurisdiction to grant the Demand—which is denied.[26]

SO ORDERED this 29th day of June, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District Judge

---

[22] Dkt. 13 at 5.

[23] Fed. R. Civ. P. 11(b)(3).  A docket receipt reflects the ADR notice was mailed to Defendant Nathan Nearman on April 14, 2022, the day the court issued it (and the day before the undersigned was assigned to this case).

[24] Dkt. 11.

[25] Dkt. 13.

[26] Dkt. 12.